UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Randolph Emerson,

Petitioner,

ORDER

Internal Affair Unit, St.
Paul Police,

Respondent,

Civ. No. 00-1443 (DWF/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 29th day of June, 2000.

* * *

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, as authorized by Title 28 U.S.C. §636(b)(1)(A), upon the Petitioner's Application to Proceed in forma pauperis.

On June 12, 2000, the Petitioner filed his request for a Writ of Habeas Corpus, and an Application to Proceed in forma pauperis. Although the Prison Litigation Reform Act ("PLRA"), Title 28 U.S.C. §1915(b)(1), requires that, in civil actions commenced by prisoners, an initial partial filing fee must be paid before the action is filed, all of the Circuits, which have considered the issue, have held that Petitions for Writs of Habeas Corpus are not governed by the mandatory fee requirement of the PLRA. See, In re

FILED JUN 29 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Phillips, 133 F.3d 770, 770-71 (10th Cir. 1998); Pena v. United States, 122 F.3d 3, 4 (5th Cir. 1997); Martin v. Bissonette, 118 F.3d 871, 874 (1st Cir. 1997); Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997); United States v. Levi, 111 F.3d 955, 956 (D.C. Cir. 1997); Smith v. Angelone, 111 F.3d 1126, 1131 (4th Cir. 1997); Anderson v. Singletary, 111 F.3d 801 (11th Cir. 1997); Naddi v. Hill, 106 F.3d 275, 277 (9th Cir. 1997); Santana v. United States, 98 F.3d 752, 755-56 (3rd Cir. 1996); Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996); Reyes v. Keane, 90 F.3d 676, 678 (2nd Cir. 1996).

In light of this unanimity of authority, we find that the Petitioner's Application to proceed in forma pauperis is properly before the Court. Having reviewed the Petitioner's Application, we find that he is entitled to proceed in forma pauperis. Here, the Plaintiff has supplied a prison trust account statement certifying that he maintains a current prison account balance of $3.46. Also, during the two month period immediately preceding the filing of the Complaint, the average monthly deposits into the Petitioner's trust account equaled $2.48, and his average monthly balance was $.90. Given these scant resources, we find that the Petitioner may proceed in forma pauperis.

NOW, THEREFORE, It is --

ORDERED:

That the Respondent show cause, within 20 days from the date of this Order, why relief should not be granted:

1. By making a Return in writing;

2. By filing with the Court a reasoned memorandum of law and fact fully stating the Respondent's legal position, and views on the need for this Court to conduct an evidentiary hearing on the merits of the Petition given the requirements of the applicable statutes and the pertinent United States Supreme Court authorities.

Absent compliance with this Order within the 20 day period, the Court will entertain a motion to grant relief to the Petitioner forthwith.

3. That the Petitioner's Application to Proceed <u>In Forma Pauperis</u> [Docket No. 2] is GRANTED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE