UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Randolph Emerson,

Plaintiff,

vs. REPORT AND RECOMMENDATION

Internal Affairs Unit,
St. Paul Police Department,

Defendant. Civ. No. 00-1443 (DWF/RLE)

* * * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 5th day of January, 2001.

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendant's Motion to Dismiss the Plaintiff's Complaint, which raises claims under Title 42 U.S.C. §1983. The Plaintiff has appeared pro se, and the Defendant has appeared by David W. Hunt, Assistant St. Paul City Attorney.

For reasons which follow, we recommend that the Defendant's Motion to Dismiss be granted, unless the Plaintiff amends his Complaint, **by no later than February 5, 2001**, so as to state a viable cause of action. If the Plaintiff fails to do so, the Defendant's Motion to Dismiss should be granted.

FILED JAN 05 2001
DEPUTY CLERK

## II. Factual and Procedural Background

The Plaintiff is a State prisoner who, at the time of the filing of his Complaint, was confined at the Minnesota Correctional Facility in Stillwater, Minnesota ("M.C.F. Stillwater"). On June 12, 2000, the Plaintiff's Complaint was filed in this District, alleging that the Internal Affairs Unit of the St. Paul Police Department failed to conduct a timely and unbiased disciplinary investigation regarding the alleged misconduct of several St. Paul police officers. This allegation provides the substance of the Plaintiff's Complaint, in which he seeks an award of $50 million in damages.

The alleged misconduct, which purportedly necessitated the Internal Affairs investigation that forms the basis for the Plaintiff's Complaint, is also the subject of another Complaint, which was filed by the Plaintiff on June 12, 2000, against the St. Paul Police Department. See, Randolph Emerson v. St. Paul Police Department, Civ. No. 1461 (DWF/RLE). In that other Complaint, the Plaintiff alleged that he sustained a significant physical injury as a result of the excessive use of force, by St. Paul Police Officer "Bremer," during his arrest on June 6, 1999, and that, as a result, he should be entitled to an award of $100 million in damages. By a Report dated December 21, 2000, we recommended that the Plaintiff be afforded a pre-dismissal opportunity to reform his

Complaint and, if the frailties of that Complaint -- like those presented here -- were not timely cured, that the Defendant's Motion to Dismiss be granted without prejudice. Id. [Docket No. 15].

## III. Discussion

In response to both of the Plaintiff's Complaints, the Defendants did not file Answers but, rather, filed Motions to Dismiss, asserting that they are entitled to a dismissal because they are non-legal entities, which are incapable of being sued. In this Court's Order and Report and Recommendation dated December 21, 2000 -- which pertains to the Complaint that was filed against the St. Paul Police Department -- we agreed with this argument, and stated, as follows:

> Sheriff's departments, and police departments, are not usually considered legal entities subject to suit. See, e.g. Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), citing, Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985)(Denver Police Department not suable entity), vacated on other grounds, 475 U.S. 1138 (1986); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990); Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984); Ragusa v. Streator Police Department, 530 F. Supp. 814, 815 (N.D. Ill. 1981); see also In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987); Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991). However, the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

Dean v. Barber, supra, citing Rule 17(b), Federal Rules of Civil Procedure.

As this Court made clear, in In re Scott County Master Docket, supra, in Minnesota, non-legal entities such as the police, and Sheriff's departments, are not legal entities subject to suit; therefore, the claims against them must be dismissed. See, In re Scott County Master Docket, supra at 1163 n.1, citing Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255 (E.D. Mich. 1982); Ragusa v. Police Department, supra; Garcia v. County of Los Angeles, 588 F. Supp. 700 (C.D. Cal. 1984); Wagner v. Genesee County Board of County Commissioners, 607 F. Supp. 1158 (E.D. Mich. 1985). Here, the Plaintiff expressly named the St. Paul Police Department as the only named Defendant. In addition, the Record reveals that Plaintiff has never submitted a Motion to amend his Complaint so as to add any other named-Defendants. As a result, it appears clear, that the Plaintiff seeks only to sue the St. Paul Police Department. Since Minnesota law bars a claim against agencies, such as police departments, and County Sheriff's offices, we find the Defendant's Motion to Dismiss, on this ground, to have merit.

Moreover, most States do not consider police departments as legal entities subject to suit under Title 42 U.S.C. §1983. The same holds true in Minnesota, where the Minnesota Court of Appeals has specifically held that police, and Sheriff's departments, are not "persons," within the meaning of Section 1983. See, Maras v. City of Brainerd, 502 N.W.2d 69, 79 (Minn. App. 1993); Brotzler v. Scott County, 427 N.W.2d 685, 691 (Minn. App. 1988)(holding that the Minnesota Highway Patrol is an agency of the State and is not, therefore, a "person" subject to suit under Title 42 U.S.C. §1983). As a consequence, the Plaintiff's Complaint

> should be dismissed on this second ground, as well.

Emerson v. St. Paul Police, Civ. No. 00-1461, at 3-6 (D. Minn. Dec. 21, 2000)(Order and Report and Recommendation).

Here, as well, the Plaintiff has filed his Complaint against an entity which lacks the capacity to be sued and, therefore, his Complaint must be dismissed. The named Defendant in this action -- the Internal Affairs Unit of the St. Paul Police Department -- is merely a subdivision of the St. Paul Police Department. See, Defendant's Ex. E. Further, as this Court has already explained, in Minnesota, entities such as police departments, are not legal entities which are subject to suit. See, In re Scott County Master Docket, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987). Since Minnesota law bars a claim against agencies, such as police departments, the Defendant's Motion to Dismiss should be granted.

As we did with respect to the Plaintiff's other claim, we reiterate that, because the Plaintiff is not trained in the law, and because Section 1983 actions can provide grounds for confusion, and misunderstanding, even by those learned in the law, the interests of justice are best served by affording the Plaintiff a pre-dismissal opportunity to correct the procedural defects of his Complaint. In this respect, we also reiterate the discussion contained in our prior Order of December 21, 2000, which addressed the

infirmities of the Plaintiff's other claim, and allowed the Plaintiff a pre-dismissal opportunity to cure his Complaint, as follows:

> [W]e are not at liberty to reform the Plaintiff's Complaint so as to state a claim which does not otherwise appear by our indulgent reading. While it is true that we hold pro se Complaints, such as the Plaintiff's, "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), "the liberal pleading standard of Haines only applies to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989). As a result, "[w]e do not believe * * * that a district court must pretend that certain facts exist in order to foresee a theory of recovery not actually raised or reasonably inferred by the pleader." William v. Willits, 853 F.2d 586, 588 (8th Cir. 1988). To reform the Plaintiff's Complaint, so as to plead a cognizable Section 1983 claim, would require substantial reformation on our part -- a redrafting that we have no authority to undertake.
>
> While, in our view, a dismissal is warranted, we cannot overlook that the Defendant filed a Motion to Dismiss, and not an Answer. While this technical distinction may appear to have no importance, the opposite proves true. Rule 15(a), Federal Rules of Civil Procedure, states that "[a] party may amend its pleading once as a matter of course at any time before a responsive pleading is served." "A motion to dismiss is not a responsive pleading, within the meaning of Rule 15." State of Minnesota v. Standard Oil Co., 568 F. Supp. 556, 559 (D. Minn. 1983), citing 3 J. Moore, Moore's Federal Practice ¶15.07[s](2d ed. 1983); see also, West Professional Education Group, Inc. v. Harcourt Brace Legal and Professional Publications, Inc., 1995 WL 422651 at *13 n. 7 (D. Minn., June 2, 1995), citing 6 Wright, Miller & Kane, Federal Practice and

> Procedure: Civil 2d §1483 at pp. 544-86 (1990), and cases cited therein. Since the Plaintiff's pleading is flawed by procedural defects, we think the interests of justice are best served by affording the Plaintiff a pre-dismissal opportunity to correct those defects, if they are capable of correction, and if he should choose to do so. Although we could reach the same result by dismissing the Plaintiff's Complaint without prejudice, he would be obligated to refile his action, with the prospect of yet another filing fee. See, Edington v. Missouri Depart. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995)(prisoner may refile Complaint where dismissal is without prejudice), citing Schafer v. Moore, 46 F.3d 43, 45 (8th Cir. 1995).

Emerson v. St. Paul Police, supra at 7-9.

We continue to adhere to this view and, therefore, we once again recommend that the Plaintiff's Complaint be dismissed, without prejudice, unless he should amend his Complaint, **by no later than February 5, 2001**, so as to allege a viable cause of action.

NOW, THEREFORE, It is -

RECOMMENDED:

That the Defendant's Motion to Dismiss [Docket No. 6] be granted unless, **by no later than February 5, 2001**, the Plaintiff serves and files an Amended Complaint that states a legally cognizable cause of action.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than January 23, 2001,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than January 23, 2001,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.